**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-0006-WJM-KMT

JOSEPH FITZGERALD, by and through his parent and next friend, LINDA
FITZGERALD,

      Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO d/b/a ST. ANTHONY SUMMIT
MEDICAL CENTER;
SARAH PFEIFFER, P.A.; and
XAN COURVILLE, M.D.,

      Defendants.

---

**ORDER ON EVIDENTIARY MOTIONS**

---

      This medical negligence lawsuit arises from injuries sustained by Plaintiff Joseph

Fitzgerald after he developed compartment syndrome while hospitalized due to a

snowboarding injury sustained in Breckenridge, Colorado.  (ECF No. 67 ¶¶ 14–16, 52–

64.)  Plaintiff alleges that Defendants Dr. Xan Courville and Physician's Assistant Sarah

Pfeiffer failed to identify and address his compartment syndrome promptly and that this

delay in care led to avoidable permanent injury.  (*Id.* ¶¶ 65–76.)  Plaintiff further alleges

that Defendant St. Anthony Summit Medical Center ("Summit") was negligent in failing

to properly train its staff and implement policies that would have prevented his

permanent injury.  (*Id.* ¶¶ 77–88.)

      This matter is before the Court on Defendants Xan Courville, M.D. and Sarah

Pfeiffer, P.A.'s Motion to Strike Plaintiff Expert Alan R. Hargens, Ph.D. Pursuant to

C.R.S. § 13-64-401 and Fed. R. Civ. P. 702[1] ("Motion to Strike") (ECF No. 39) and

Defendants[] Catholic Health Initiatives Colorado d/b/a St. Anthony Summit Medical

Center, Melinda Hunter, R.N., Megan Anderson, R.N., Julie Wilkens, R.N. and Reagan

Lane, R.N.['s][2] Motion to Limit Plaintiffs' Expert Opinions Pursuant to Fed. R. Evid. 702

("Motion to Exclude") (ECF No. 47).  Both motions are fully briefed.  (*See* ECF Nos. 46,

53, 55, 60.)

For the reasons set forth below, the Court grants the Motion to Strike and grants

in part and denies in part the Motion to Exclude.

## I. LEGAL STANDARD

A district court must act as a "gatekeeper" in admitting or excluding expert

testimony.  *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005).

Expert opinion testimony is admissible if it is relevant and reliable.  *See Daubert v.*

*Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993).  Opinions are relevant if

they would "assist the trier of fact to understand the evidence or to determine a fact in

issue."  Fed. R. Evid. 702.  They are reliable if (1) the expert is qualified "by knowledge,

skill, experience, training, or education," (2) the opinions are "based upon sufficient facts

or data," and (3) the opinions are "the product of reliable principles and methods."  *Id.*

The proponent of expert testimony has the burden to show that the testimony is

admissible.  *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).  Expert

testimony should be liberally admitted under Federal Rule of Evidence 702, *see United*

---

[1] The Court notes that there is no Rule 702 in the Federal Rules of Civil Procedure; however, the Court believes this to be an error, and the content of the Motion to Strike indicates that this is meant to be a reference to Federal Rules of Evidence Rule 702.

[2] Melinda Hunter, Megan Anderson, Julie Wilkens, and Reagan Lane are no longer defendants in this case.  (*See* ECF No. 67.)

*States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995), and the trial court has broad discretion in deciding whether to admit or exclude such testimony, *see Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 647 (10th Cir. 1991).

"Expert testimony, like any other evidence, is subject to exclusion if it fails the Fed. R. Evid. 403 balancing test." *Thompson v. State Farm Fire & Cas. Co.*, 34 F.3d 932, 941 (10th Cir. 1994); *see* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

## II. ANALYSIS

### A.    Motion to Strike

Dr. Courville and Ms. Pfeiffer argue one of Plaintiff's retained witnesses, Alan R. Hargens, Ph.D., is "not qualified to testify regarding the standard of practice applicable to Dr. Courville." (ECF No. 39 at 2.) Because Dr. Hargens "has been endorsed to testify that Dr. Courville's care fell below the standard of practice for an orthopedic surgeon," Dr. Courville and Ms. Pfeiffer seek an order preventing Dr. Hargens from offering such testimony at trial. (*Id.*) In support of this argument, Dr. Courville and Ms. Pfeiffer cite Colorado Revised Statutes § 13-64-401, which provides in relevant part:

> No person shall be qualified to testify as an expert witness concerning issues of negligence in any medical malpractice action or proceeding against a physician unless he . . . is a licensed physician

Colo. Rev. Stat. § 13-64-401.

Plaintiff responds that federal, not Colorado, law governs the admissibility of expert testimony. (ECF No. 46 at 5.) Plaintiff explains that federal courts sitting in

diversity apply state substantive law and federal procedural law.  (*Id.*)  He argues that § 13-64-401 is a procedural rule because it is a "pure rule of evidence" that it is concerned with fair and efficient court proceedings rather than "channeling behavior outside the courtroom."  (*Id.* (citing *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 882 (10th Cir. 2006).)  Because § 13-64-401 is procedural, it does not apply in diversity cases.  (*Id.* at 6.)  Instead, they argue, Rule 702—which does not contain the limitation in § 13-64-401—governs the admissibility of Dr. Hargens's testimony.  (*Id.*)  According to Plaintiff, Dr. Hargens is qualified to opine on the standard of care for an orthopedic surgeon treating a patient at risk of developing compartment syndrome because Dr. Hargens is a renowned researcher specializing in compartment syndrome who for years taught medical students "how to identify and treat compartment syndrome."  (*Id.* 46.)

Dr. Courville and Ms. Pfeiffer do not substantively respond to this argument. Instead, they merely state, "[t]he Modern Erie Doctrine, *Erie R.R. Co. v. Thompkins*, 304 U.S. 64 (1938), generally invokes the following tests depending on the circumstances." (ECF No. 53 at 2.)  This statement is followed by a bullet-point list describing various tests related to *Erie* questions without argument or citation.  (*Id.*)  Curiously, they do not cite Rule 601's clear statement that "in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 601; *see also Smith v. Davis*, 2021 WL 1534603, *2 (D. Colo. Apr. 19, 2021) ("Although Rule 702 governs the admissibility of expert testimony, in state law matters 'a witness's competency to testify regarding a substantive issue, such as the medical standard of care, is dictated by state law.'").  Despite Plaintiff's more robust engagement with *Erie* and its progeny, he cannot get around the fact that federal

law instructs the Court to apply § 13-64-401.

Applying § 13-64-401, the Court finds that Dr. Hargens, despite his impressive *curriculum vitae*, is not qualified to opine on the standard of care Dr. Courville owed Plaintiff while in her care.  As such, the Motion to Strike is granted, and Dr. Hargens shall not be permitted to testify regarding the standard of care Dr. Courville owed the Plaintiff.

The Court notes that Dr. Courville and Ms. Pfeiffer say nothing of Dr. Hargens's qualifications to opine on the standard of care owed by Ms. Pfeiffer.  While § 13-64-401 is very clear in its application to "physicians," Ms. Pfeiffer is not a physician; however, because neither party has addressed this issue, the Court expresses no view of Dr. Hargens's qualifications to offer such testimony.  As for Dr. Hargens's causation opinions, which Plaintiff says elsewhere are the "crux" of his anticipated testimony (ECF No. 55 at 9), this Order has no effect.

**B.    Motion to Exclude**

The Motion to Exclude was filed by six defendants, but only one (Summit) remains a party to this case.  (*See* ECF Nos. 47, 67.)  While the Motion to Exclude is styled as one under Rule 702, its only substantive argument is that Plaintiff's experts' expected testimony is cumulative.  (*See* ECF No. 47.)  Although this argument is more appropriate for a motion *in limine*, in the interest of efficiency, the Court will address it now.

Plaintiff has retained the following five experts:

- Paula Bradshaw, R.N., M.S.N., M.B.A. to "testify regarding Summit Medical Center's . . . failure to educate and train its nurses appropriately"

(ECF No. 55 at 5);

- Amy Pompeii, R.N.-B.C. to testify about the "substandard" nursing care Plaintiff received and "to help the jury understand the issues in this case from the perspective [of] a nurse on the floor" (*id.* at 6–7);

- Diana Osuna, R.N. to testify about the "chain of command" and "nursing hierarchy from the perspective of a charge nurse, rather than a staff nurse" (*id.* at 7–8);

- John Scolaro, M.D. to testify about the standard of care Dr. Courville and Ms. Pfeiffer owed Plaintiff and how their conduct breached that standard (*id.* at 8–9); and

- Alan Hargens, Ph.D. to "educate the jury about the medical details of compartment syndrome, how it can be identified, and how it can be treated." (*id.* at 9–10).

Plaintiff argues that each of these witnesses will testify about separate issues and are necessary for his case. (*Id.* at 5–10.) Plaintiff argues "the appropriate remedy is to reserve ruling for trial, where the testimony can be assessed as it comes in." (*Id.* at 10.)

Summit identifies three areas of purportedly cumulative testimony: (1) training, policies, and procedures; (2) assessment and standard of care; and (3) chain of command. (ECF No. 60.) As an initial matter, it is the Court's view that having multiple experts offer the same testimony is unnecessary, a drain on judicial and party resources, and may lead the jury to credit testimony based on having been repeated instead of the credibility of the expert offering it.

Based on the anticipated testimony Summit quotes in its reply (ECF No. 60),

Plaintiff's experts' opinions on the chain of command appear to be duplicative.  (*See id.* at 4.)  The probative value from allowing Plaintiff's experts to provide nearly identical testimony regarding the nursing chain of command is substantially outweighed by a risk of wasting time and needlessly presenting cumulative evidence.  Fed. R. Evid. 403. Accordingly, the Court grants this portion of the Motion to Exclude.  The Court will only allow Plaintiff to provide one expert witness to opine on the nursing chain of command. The Court will not, however, usurp Plaintiff's ability to choose which expert witness he will call to testify.[3]

The Court does not agree, however, that the anticipated testimony is cumulative with respect to the other two areas identified by Summit.  With respect to training, policies, and procedures, the anticipated testimony Summit identifies does not overlap as neatly as Summit suggests.  Osuna's anticipated testimony concerns how Summit's nursing staff breached the duty of care.  (ECF No. 60 at 2.)  Bradshaw's anticipated testimony concerns how Summit itself breached its (separate) duty of care.  (*Id.*) Pompeii and Dr. Scolaro's anticipated testimony concerns causation and may be cumulative.  (*Id.*)  But Summit has only identified one duplicative sentence from each witness, which may not even form the core of each witness's testimony.  (*Id.*) Therefore, the Court finds reserving this issue for trial is more appropriate, and this portion of the Motion to Exclude is denied without prejudice to renewal at trial in the form of an objection to specific questions from counsel or testimony from a witness.

With respect to the standard of care, the anticipated testimony is also less

---

[3] At this stage of the litigation, where no remaining defendant is a nurse, it is unclear whether this testimony will even be necessary at trial.  (*See* ECF No. 67.)  Of course, that is for Plaintiff to decide, provided that the testimony remains relevant, probative, and otherwise admissible.

repetitive than Summit argues.  The anticipated testimony from Pompeii and Dr. Scolaro concerns causation.  (*Id.* at 3.)  Dr. Hargens's anticipated testimony is merely a recitation of facts underlying his opinion, not an expert opinion.  (*Id.*)  And while both Osuna's and Bradshaw's anticipated testimony addresses the standard of care allegedly breached by Summit's nurses, Bradshaw's anticipated testimony also addresses Summit's independent alleged failure to properly train its staff, which is related to a different claim and clearly not cumulative.  (*Id.*)  There is a potential that Osuna and Bradshaw offer cumulative evidence on Summit's nurses' breach of the standard of care,[4] but in the Court's view, that potential is not so substantial that it cannot be addressed by an objection at trial.  Therefore, this portion of the Motion to Exclude is also denied without prejudice to being raised at trail via objection.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS the following:

1.      The Motion to Strike (ECF No. 39) is GRANTED;

2.      The Motion to Exclude (ECF No. 47) is GRANTED IN PART and DENIED IN PART as set forth above.

Dated this 13th day of September, 2022.

BY THE COURT:

William J. Martinez
United States District Judge

---

[4] This is assuming testimony about the nursing chain of command remains relevant, now that none of the nurses who treated Plaintiff are parties to this case.